**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**CARRIE MILLER**                                    **CASE NO.:**

**Plaintiff,**

**v.**

**LOVE MANAGEMENT**
**COMPANY, LCC d/b/a Allegro**
**Management Company,**

**Defendant.**
_____/

## DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

Defendant, LOVE MANAGEMENT COMPANY, LLC d/b/a Allegro Management Company ("Defendant Allegro"), by and through its undersigned attorney, and in accordance with the applicable Federal Rules of Civil Procedure, Rule 7.2 of the Local Rules of the United States District Court for the Northern District of Florida, and Title 28 of the United States Code §§ 1332, 1441 and 1446, hereby files this Notice of and Petition for Removal. Defendant Allegro requests that this Court remove the civil action from the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, to the United States District Court for the Northern District of Florida, Tallahassee Division. The grounds for removal of this civil action are set forth below.

## I.    <u>INTRODUCTION</u>

Plaintiff, Carrie Miller ("Plaintiff"), a former employee, brought this action on or about February 1, 2023, in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, under the name and style, *Carrie Miller v. Love Management Company, LLC d/b/a Allegro Management Company* (the "Circuit Court Case").  Defendant Allegro was served with the Complaint on May 23, 2023. Copies of all process, pleadings, and other papers on file in the Circuit Court Case are attached hereto as **Composite Exhibit "A"** as required by 28 U.S.C. § 1446(a) and Local Rule 7.2 of the U.S. District Court for the Northern District of Florida. In the Complaint, Plaintiff alleged a violation of the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"). *See* Comp. Ex. "A," Compl. at ¶ 1.

The United States District Court for the Northern District of Florida, Tallahassee Division, encompasses the judicial district in which Plaintiff filed the Complaint. Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a) and Local Rule 3.1(B) of the U.S. District Court for the Northern District of Florida. This Notice of and Petition for Removal has been timely filed within 30 days of the date of service of the Complaint. 28 U.S.C. § 1446(b)(1).

Pursuant to 28 U.S.C. § 1446(d), Defendant Allegro will promptly provide written notice of the removal to Plaintiff and will file a copy of this Notice of and Petition for Removal in the Second Judicial Circuit, in and for Leon County, Florida.

As set forth herein, the Circuit Court Case is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332(a) because diversity exists among the parties and the amount in controversy exceeds $75,000.

## II.   REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

### A.   Standard for Removal Based on Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Where the basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the defendant has the burden of demonstrating: (1) complete diversity of citizenship; and (2) an amount in controversy greater than $75,000 by a preponderance of the evidence. *McAndrew v. Nolen*, NO. 3:08-CV-294/MCR/MD, 2009 U.S. Dist. LEXIS 11083, at *6 (N.D. Fla. Feb. 4, 2009).

### B.   Complete Diversity of Citizenship Exists Between the Parties

For purposes of diversity jurisdiction, "[c]itizenship is equivalent to 'domicile.'" *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). An individual is a citizen of the state in which she is domiciled, which is the state where the individual maintains her "true, fixed, and permanent home and principal establishment, and to which [s]he has the intention of returning whenever [s]he is absent therefrom." *Id*. at 1257-58 (internal quote and citation omitted). Plaintiff

3

alleges that, at all times material hereto, she was a resident of the State of Florida. Comp. Ex. "A," Compl. at ¶3. Further, a LexisNexis Accurint for Legal Professionals Comprehensive Report ("Report") shows that Plaintiff is actively registered to vote in the State of Florida and has been exclusively registered to vote in Florida since 1992. *See* Declaration of Elaine Agnew, ¶3, a copy of which is attached as **Exhibit "B".** The Report further shows that Plaintiff currently maintains an active Driver's License issued by the State of Florida on August 20, 2018. *See* Agnew Decl. ¶4. Finally, the Report reflects that Plaintiff's active address as of June 2023 was in Gadsden County, Florida. *See* Agnew Decl. ¶2.

A limited liability company "is a citizen of any state of which a member of the company is a citizen." *Landmark Infrastructure Holding Co. LLC v. N. Ga. Speculators, LLC*, No. 21-13818-DD, 2022 U.S. App. LEXIS 9535, at *7 (11th Cir. Apr. 8, 2022). Defendant Allegro (Love Management Company, LLC d/b/a Allegro Management Company) is a single member Limited Liability Company ("LLC") organized under the laws of Missouri and has its principal place of business in St. Louis, Missouri. *See* Declaration of Cheryl Gray, ¶4, a copy of which is attached as **Exhibit "C."**

The sole member of Defendant Allegro is Allegro Senior Living, LLC. *Id.* at ¶5. Allegro Senior Living, LLC is a three member LLC organized under the laws of Delaware and has its principal place of business in St. Louis, Missouri. *Id.* The first

member of the LLC is Douglas Schiffer, who is a citizen of the state of Georgia. *Id.* at ¶6. The second member of the LLC is Hallmark Investment Corporation. *Id.* A corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business. *Laule v. JV China, Inc.*, No. 22-10263, 2022 U.S. App. LEXIS 17982, at *1 (11th Cir. June 29, 2022). Hallmark Investment Corporation is incorporated in the state of Missouri with its principal place of business in St. Louis, Missouri. *See* Decl. of Gray at ¶6. The third member of the LLC is Love Investment Company and is incorporated in the state of Missouri with its principal place of business in St. Louis, Missouri. *Id.*

Defendant Allegro is, therefore, and has been at all times relevant to this lawsuit, a citizen of the states of Missouri, Delaware, and Georgia. *See Rolling Greens v. MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that citizenship of a limited liability company is determined by the citizenship of its members).

Since Defendant Allegro is not a citizen of the State of Florida, like Plaintiff, Defendant Allegro has satisfied its burden of showing there is complete diversity among the parties. *See Grant v. Pottinger-Gibson*, No. 0:15-cv-61150-KMM, 2017 U.S. Dist. LEXIS 111695, *7 (S.D. Fla. July 17, 2017) (a minimal showing of

domicile and citizenship supports a finding that diversity exists and removal is proper).

### C.    The Amount in Controversy Exceeds $75,000[1]

The damages claimed by Plaintiff indicate that the amount in controversy requirement is met.  Plaintiff alleges the following categories of damages: (1) lost wages and benefits; (2) compensatory damages including damages for emotional distress and mental pain and suffering; (3) injunctive and/or equitable relief; (4) punitive damages; and (5) attorneys' fees and costs. *See* Comp. Ex. "A," Compl. at ¶ 26 and WHEREFORE clause subparts (a) through (g) at pp. 5-6.

"Where the plaintiff has not [pled] a specific amount of damages . . . the defendant is required to show by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Kirkland v. Midland Mtg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).[2] While courts may not speculate or guess as to the amount in controversy, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a

---

[1] Defendant Allegro does not concede that Plaintiff will prevail in this civil action or recover the amounts in controversy discussed in this Notice of and Petition for Removal or any amount. Indeed, any inquiry into whether Plaintiff may actually recover the jurisdictional amount in controversy is unnecessary and inappropriate for purposes of removal. "For the purposes of establishing jurisdiction, it is enough to show that [s]he could." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 732 (11th Cir. 2014).

[2] Plaintiff asserts in her Complaint that "[t]his action involves claims which are, individually, in excess of fifty thousand dollars, exclusive of costs and interest."  See Comp. Ex. A, at ¶2.  Regardless, the amount in controversy exceeds $75,000.

case is removable." *Cowan v. Genesco, Inc.*, No. 3:14-cv-261-J-34JRK, 2014 U.S. Dist. LEXIS 95412, *6 (M.D. Fla. July 14, 2014) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)). A court need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770 (internal quotations and citations omitted). "[I]f a removing defendant makes specific factual allegations establishing jurisdiction and can support them . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[,] that kind of reasoning is not akin to conjecture, speculation, or star gazing." *Id.* at 754. The defendant "need only prove the jurisdictional facts necessary to establish that . . . damages in an amount necessary to reach the jurisdictional minimum are at issue – that is, that such damages *could be* awarded." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014).

### i. Back Pay and Front Pay

In the event Plaintiff prevails on her claims under the FCRA, she would be presumptively entitled to recover damages for back pay. § 760.11(5), Fla. Stat. "For the purpose of estimating the amount in controversy, the plaintiff's potential back pay award may be computed from the date of the adverse employment action until the proposed trial date, less mitigation." *Avalos v. SDI of Gulf Breeze*, No. 3:10cv453/MCR/EMT, 2010 U.S. Dist. LEXIS 152378, at *6 (N.D. Fla. Dec. 15,

2010) (citation omitted). A trial date of approximately twelve months from the date of the removal is customary. *Deel v. Metromedia Rest. Servs.*, No. 3:05-cv-120-MCR, 2006 U.S. Dist. LEXIS 10174, *15, n.8 (N.D. Fla. Feb. 27, 2006).

Plaintiff's employment was terminated on or about March 13, 2019. At the time of her termination of employment, Plaintiff earned approximately $615.14 per week on average. *See* Gray Decl. ¶3. Plaintiff's potential back pay can be determined by calculating her lost wages from the date she was terminated through the date of trial. At the time of removal, Plaintiff could be eligible for approximately **$136,385.33** in back pay. Further, when conservatively applied to an estimated trial date of June 12, 2024 (12 months from removal), Plaintiff could be entitled to approximately 274 weeks of back pay damages, or approximately **$168,548.36.**

Courts have previously held that it is reasonable to add one (1) year of front pay to the amount in controversy in a discrimination case. *See Gonzalez v. Honeywell Int'l, Inc.*, No. 8:16-cv-3359-T-30TGW, 2017 U.S. Dist. LEXIS 5837, *6 (M.D. Fla. Jan. 17, 2017) (citing cases). While Defendant Allegro maintains that Plaintiff should not receive any relief in this case, one year of front pay damages would conservatively amount to **$31,987.28.** The combined amount of back pay and front pay damages that Plaintiff put in controversy in this case totals approximately **$200,535,64.** Accordingly, the amount in controversy requirement is satisfied considering wage loss damages alone.

### ii.    Compensatory Damages

Plaintiff additionally seeks compensatory damages, including damages for "emotional distress, mental pain and suffering," "mental anguish, [and] loss of enjoyment of life." *See* Comp. Ex. "A," Compl. at ¶ 26.

Under the FCRA, a prevailing plaintiff may be awarded compensatory damages, including damages for mental anguish, loss of dignity, and any other intangible injuries. § 760.11(5), Fla. Stat. The FCRA does not cap compensatory damages. *Id.* When calculating the amount in controversy for compensatory damages, including those based on emotional distress, it is not necessary for courts to "pinpoint the exact dollar figure of each of these forms of relief to recognize that their value adds thousands of dollars to the amount in controversy." *Gonzalez v. Honeywell Int'l, Inc.*, No. 8:16-cv-3359-T-30TGW, 2017 U.S. Dist. LEXIS 5837, *7 (M.D. Fla. Jan. 17, 2017). However, it is appropriate to consider compensatory damage awards, including those based on emotional distress, in prior similar cases. *See, e.g., Schmidt v. Pantry, Inc.*, No. 1:11-cv-228-SPM-GRJ, 2012 U.S. Dist. LEXIS 53530, *10 (N.D. Fla. Mar. 5, 2012), *adopted by* 2012 U.S. Dist. LEXIS 53529 (N.D. Fla. Apr. 17, 2012). Juries have awarded compensatory damages in similar employment discrimination cases at or greater than the jurisdictional threshold. *See Reilly v. Duval County*, No. 3:04-cv-1320-J-32MCR, 2007 U.S. Dist. LEXIS 52926 (M.D. Fla. July 23, 2007) (jury awarded $75,000 for mental distress

damages under the FCRA); *Copley v. BAX Global, Inc.*, 97 F. Supp. 2d 1164 (S.D. Fla. 2000) ($100,000 in emotional distress damages awarded).

Based on the foregoing, in the instant case, it is reasonable for this Court to consider a conservative estimate of approximately **$30,000.00** in compensatory damages for the purpose of determining the amount in controversy.

### iii.    Punitive Damages

Plaintiff additionally seeks to recover punitive damages. *See* Comp. Ex. "A," Compl. at ¶ 26. Punitive damages of up to $100,000 are available under the FCRA. § 760.11(5), Fla. Stat. Plaintiff does not allege or otherwise indicate that she is seeking less than the maximum amount of punitive damages recoverable under the FCRA, therefore, it is appropriate to include the full **$100,000** amount authorized by the FCRA. *See Gonzalez*, 2017 U.S. Dist. LEXIS 5837 at *6-7.

### iv.    Attorneys' Fees

Plaintiff seeks recovery for reasonable attorney's fees, which are expressly provided for by the FCRA. *See* Comp. Ex. "A", Compl., WHEREFORE clause subpart (e) at p. 5. *See also* Fla. Stat. § 760.11(5); *Gonzalez*, 2017 U.S. Dist. LEXIS 5837, at *6. "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Brown v. Cunningham Lindsey U.S.,* 2005 U.S. Dist. LEXIS 38862, *13 (M. D. Fla. May 11, 2005) (citing *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1265 (11th Cir.

2000)). *See also Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000). Courts have specifically factored in attorneys' fees in determining the amount in controversy for cases under the FCRA. *See Logsdon v. Duron, Inc.*, 2004 U.S. Dist. LEXIS 28525 (M.D. Fla. Nov. 10, 2004).

Defendant Allegro conservatively estimates that Plaintiff's counsel could be expected to expend at least 125 hours litigating this action through trial, which would include depositions of witnesses, drafting and answering discovery, dispositive motion practice, and preparing for and attending a multiple day trial. Even at a conservative hourly rate of $250, Plaintiff would incur at least **$31,250.00** in attorneys' fees.

This estimate is consistent with how district courts in the Eleventh Circuit have defined "reasonableness" in terms of hours spent litigating similar cases and the range of hourly rates in cases involving employment disputes. *See, e.g., St. Fleur v. City of Ft. Lauderdale*, 149 F. App'x 849, 854 (11th Cir. 2005) (affirming reduction of attorneys' fee award by only thirty percent when plaintiff's attorneys claimed they billed 1,500 hours litigating Title VII claims through trial); *Holland v. Gee*, 2012 U.S. Dist. LEXIS 164956, *16-17 (M.D. Fla. Oct. 23, 2012) (finding that 260.8 hours billed by lead attorney at $200 per hour and 190.8 hours billed by associate attorney at $150 per hour through trial was reasonable in FCRA case).

Accordingly, the attorney's fees estimate should also be included in the determination of the amount in controversy.

### v.   Total Amount in Controversy

While Defendant Allegro disputes the allegations set forth in the Complaint, including Plaintiff's claims for damages, the amount in controversy clearly exceeds the $75,000 jurisdictional threshold for diversity jurisdiction.

**WHEREFORE**, Defendant Allegro requests that this Court accept the removal of this action from the Circuit Court of the Second Judicial Circuit and further direct that the Circuit Court have no further jurisdiction over this action.

DATED this 12th day of June, 2023.

Respectfully submitted

JACKSON LEWIS P.C.
501 Riverside Avenue, Suite 902
Jacksonville, FL  32202
Telephone: (904) 638-2655
Facsimile:  (904) 638-2656

By: */s/ Katherine B. Brezinski*
Lori K. Mans
Florida Bar No. 12024
Lori.Mans@jacksonlewis.com
Katherine B. Brezinski
Florida Bar No. 1002924
Katherine.Brezinski@jacksonlewis.com
Kathy.Corbin@jacksonlewis.com
Alexandrea.Price@jacksonlewis.com
JacksonvilleDocketing@jacksonlewis.com

*Attorneys for Defendant Allegro*

13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this12th day of June 2023, a true and correct copy of the foregoing has been filed with the Court by using the CM/ECF system and a copy will also be sent via e-mail to:

Marie A. Mattox
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
Tel: (850) 383-4800
Fax: (850) 383-4801
Marie@mattoxlaw.com
marlene@mattoxlaw.com
michelle@mattoxlaw.com

*Attorney for Plaintiff*

/s/ *Katherine B. Brezinski*
Attorney

4884-5804-0169, v. 1

14

# COMPOSITE EXHIBIT A

HOME     ONLINE SERVICES     COURT SERVICES     RECORDS     FEES

CLERK TO THE BOARD     USEFUL LINKS     HOW DO I....

# Leon County Clerk of the Circuit Court and Comptroller Court Case Search

Full Case View 🔵                                                          **Print Page**

| 37 2023 CA 000211 - MILLER, CARRIE vs LOVE MANAGEMENT COMPANY LLC |
|---|

| Party Status | Party | Party Code | Attorney | Attorney Status |
|---|---|---|---|---|
| | LOVE MANAGEMENT COMPANY LLC , | DEFENDANT | PRO SE | ACTIVE |
| | MILLER, CARRIE | PLAINTIFF | MARIE A MATTOX | ACTIVE |

Top of Page

| Action Dscr | Open/Reopen Status | Open/Reopen Date | Disposition | Disposition Date | Judge |
|---|---|---|---|---|---|
| OTHER DISCRIMINATION | OPEN | 2/2/2023 9:11:33 AM | | | MARSH |

Top of Page

| Charge # | Action Code | Description | Plea Date | Plea | Decision Date | Court Action | Charge Disposition | Citation |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

Top of Page

| Judges Appearing on Case | | | |
|---|---|---|---|
| Last Name | First Name | Date Assigned | Source |
| MARSH | J | 2/2/2023 10:20:00 AM | BM |

Top of Page

| **Viewing Option for Sensitive and Confidential Cases** <br><br> **Non-Viewable images in Court Cases Requiring Clerk Assistances** |  e-Certify |
|---|---|

Docket Table Headers Are Sortable. Click For Ascending, Again For Descending Order
Source Table Abbreviations: BM = Benchmark; JIS = Justice Informations System

| Docket Date | CCISSeqNbr | Docket Code | ECertify | Docket Text | OR Book | OR Page | Source |
|---|---|---|---|---|---|---|---|
| 2/1/2023 | 2 | CCS_PDF | ‹‹-*Req $* | CIVIL COVER SHEET | | | BM |
| 2/1/2023 | 3 | COMP_CA_PDF | ‹‹-*Req $* | COMPLAINT | | | BM |
| 2/1/2023 | 4 | SUIS_PDF | ‹‹-*Req $* | SUMMONS ISSUED | | | BM |
| 2/2/2023 | 1 | a002 | | JUDGE MARSH, J LEE: ASSIGNED | | | BM |
| 2/2/2023 | 5 | RECEIPT_PDF | ‹‹-*Req $* | PAYMENT $410.00 RECEIPT #1689174 | | | BM |
| 2/2/2023 | 6 | UOCC_PDF | | UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT E-NOTICED via email on 2023-02-02 | | | BM |
| 5/31/2023 | 7 | ROSE_PDF | ‹‹-*Req $* | RETURN OF SERVICE EXECUTED-LOVE MANAGEMENT COMPANY, LLC D/B/A ALLEGRO MANAGEMENT | | | BM |

COMPANY, C/O THERESA M.
KENNYREGISTERED AGENT

[Top of Page](#)

| Event | Date | Start | Location | Judge | Result | Source |
|-------|------|-------|----------|-------|--------|--------|

[Top of Page](#)

| Docket Application | Owed | Paid | Dismissed | Due |
|--------------------|------|------|-----------|-----|
| COMPLAINT | $400.00 | $400.00 | $0.00 | $0.00 |
| SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | $0.00 |

[Top of Page](#)

| | | Ar Plan | | |
|---|---|---|---|---|
| Ordered Amt | Paid | Dismissed | Balance | Delinquent |

[Top of Page](#)

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SECOND</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u>  COUNTY, FLORIDA

<u>CARRIE MILLER</u>
Plaintiff

Case # ___<u>2023 CA 000211</u>___

Judge _____

vs.
<u>LOVE MANAGEMENT COMPANY LLC dba ALLEGRO MANAGEMENT</u>
Defendant

### II.    AMOUNT OF CLAIM
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☒ over $100,000.00

### III.    TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☒ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
      ☐ Residential Evictions
      ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   1

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
      ☐ yes
      ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
      ☒ no
      ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
      ☒ yes
      ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
      ☐ yes
      ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Marie A Mattox</u>           Fla. Bar # <u>739685</u>
          Attorney or party               (Bar # if attorney)

<u>Marie A Mattox     </u>          <u>02/01/2023</u>
  (type or print name)              Date

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**CARRIE MILLER,**

      **Plaintiff,**

v.

**LOVE MANAGEMENT COMPANY, LLC**
**d/b/a Allegro Management Company,**

      **Defendant.**

_____/

CASE NO.: 23-CA- 2023 CA 000211
FLA BAR NO.: 0739685

## COMPLAINT

Plaintiff, CARRIE MILLER, hereby sues Defendant, LOVE MANAGEMENT COMPANY LLC d/b/a ALLEGRO MANAGEMENT COMPANY, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes.

2. This action involves claims which are, individually, in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, CARRIE MILLER, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to her age.

4. At all times pertinent hereto, Defendant, LOVE MANAGEMENT COMPANY, LLC d/b/a ALLEGRO MANAGEMENT COMPANY, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer"

as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.      Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

6.      Plaintiff began her employment with Defendant on or about September 24, 2017, and held the position of Care Staff at the time of her wrongful termination on March 8, 2019. She is currently 64 years of age.

7.      Despite her stellar work performance during her employment with Defendant, Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of her age.

8.      The disparate treatment and retaliation came at the hands of specifically but not limited to Cindy Humphries, Nurse – ARSD, Kristen Johnson, Vice President, Stacy Clark, Care Staff, Pam Stoutmire, Medical Technician, Carlyon Goodman and Care Staff, Team Leader.

9.      On September 24, 2017, Plaintiff began working for Defendant. Plaintiff was a loyal and hardworking employee. She was rewarded because of her perfect attendance as she was on time and attentive while working for Defendant.

10.     In or around September 2018, a maintenance employee misplaced Plaintiff's backpack. Plaintiff needed assistance finding her backpack and contacted Humphries for help. Humphries then got Love and told her to look at the security camera to pinpoint Plaintiff's backpack. Plaintiff went to lunch as the process of looking through camera footage took approximately 45 minutes.

11.    As Plaintiff returned, she caught the director searching through the items in her backpack. The director told Plaintiff she had been caught on camera talking on her phone for approximately 20 minutes.

12.    In or around December 2018, Humphries took a vacation from her position as supervisor of the care staff crew.

13.    In January 2019, Love inherited Humphries's responsibilities as supervisor of the care staff crew shortly before going on maternity leave. After Love became the supervisor, Plaintiff noticed her work environment becoming toxic and Defendant increased Plaintiff workload.

14.    In February 2019, knowing that Plaintiff needed to be home with her ill husband at night, her younger supervisors selected Plaintiff to remain at work after her shift ended allowing younger employees to go home.

15.    Throughout the latter part of 2018 and early 2019 time period, Plaintiff was treated differently than her younger coworkers regarding specifically but not limited to treatment of residents, attendance, tardiness, reprimands, job duties, days off, shifts and overtime.

16.    In March 2019, Executive Director Kim Williams, who was considerably younger than Plaintiff, instructed Plaintiff to sign a set of documents that she did not see other younger employees being instructed to sign. Plaintiff refused to sign the documents.

17.    Williams then told Plaintiff to take two weeks off. On March 8, 2019, as Plaintiff came near to the end of the two-week period, she contacted Williams who informed Plaintiff that she was terminated that day.

3

18.    Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

**COUNT I**
**AGE DISCRIMINATION**

19.    Paragraphs 1 through 18 are realleged and incorporated herein by reference.

20.    This is an action against Defendant for discrimination based upon age brought under Chapter 760, Florida Statutes.

21.    Plaintiff has been the victim of discrimination on the basis of her age in that she was treated differently than similarly situated younger employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of her age.

22.    Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.   Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.  Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

23.    In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

24.    The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

4

25. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age in violation of Chapter 760, Florida Statutes.

26. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief and to punitive damages.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 1st day of February 2023.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

**IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA**

**CARRIE MILLER,**

      **Plaintiff,**

**CASE NO.: 23-CA-** 2023 CA 000211
**FLA BAR NO.: 0739685**

v.

**LOVE MANAGEMENT COMPANY, LLC
d/b/a Allegro Management Company,**

      **Defendant.**

_____/

# SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

> **LOVE MANAGEMENT COMPANY, LLC dba ALLEGRO MANAGEMENT
> COMPANY
> C/O THERESA M. KENNEY – REGISTERED AGENT
> 4348 SOUTHPOINT BOULEVARD, SUITE 101
> JACKSONVILLE, FL 32216**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on _____, 2023.

CLERK OF THE CIRCUIT COURT

By:_____  02/02/2023

# LEON COUNTY Receipt of Transaction
## Receipt #    1689174

GWEN MARSHALL
Clerk of Court and Comptroller
LEON COUNTY, FLORIDA

**Received From:**
Marie A Mattox

,

**On Behalf Of:**

On: 2/2/2023  10:20:02AM
Transaction # 100964480
Cashiered by: A TOLLIVER

,

| CaseNumber   2023 CA 000211 |
|---|

**Judge   J LEE MARSH**

**CARRIE MILLER  *VS*  LOVE MANAGEMENT COMPANY LLC DBA ALLEGRO MANAGEMENT**

Comments:

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| (COMP_CA) COMPLAINT | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| (SUIS) SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| Total: | 410.00 | 0.00 | 0.00 | 410.00 | 410.00 | 0.00 |
| Grand Total: | 410.00 | 0.00 | 0.00 | 410.00 | 410.00 | 0.00 |

| PAYMENTS |
|---|

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| CREDIT CARD EFILE | 165959148 | OK | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |
| | Payments Total: | | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |

Page 1 of 1

IN THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**CARRIE  MILLER**

    Plaintiff

vs                                             CASE NO.: 2023 CA 000211

**LOVE MANAGEMENT COMPANY LLC**

    Defendant

_____/

## <u>UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT</u>

In compliance with Florida Supreme Court directives on active, differential civil case management established in Supreme Court Administrative Order AOSC20-23, Amendment 12, and Second Judicial Circuit Administrative Order 21 - 04, all parties in the above-styled cause are bound by this Case Management Order.

**Plaintiff shall serve this order on all parties with service of the original complaint. Strict enforcement is required unless good cause is shown for an exception or as otherwise required by law.**

## I. PROJECTED TRIAL DATE

All COUNTY COURT Civil cases are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint does not demand trial by jury are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint demands trial by jury are GENERAL CASES with a projected trial date of 540 days from the date of filing of the complaint.

A change in the above designations may be made by the presiding judge on the judge's own initiative or upon motion of any party. Should any party assert that a civil case should be treated other than designated above, such party shall file a written motion requesting such change and the motion shall be expeditiously resolved by the

presiding Judge.

## II. Notice that Cause is at Issue and Firm Trial Date

The parties must file a Joint Notice that the Cause is at Issue no later than 15 days after the pleadings are closed. In the event of a dispute, either party may file a motion and request a hearing to determine if the cause is at issue.

Upon joint notice or judicial determination that the cause is at issue, the Court will schedule a Firm Trial Date consistent with the Projected Trial Date above unless either party requests a different date in their Notice that the Cause is at Issue. Should either party request a Firm Trial Date different than the Projected Trial Date, the Plaintiff shall expeditiously set a case management conference to determine the Firm Trial Date.

## III. Mandatory Deadlines for Streamlined Cases

If this case is designated as a STREAMLINED CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

> 120 days after filing: Service of Complaints
> 150 days after filing: Service under any Extension of Time
> 180 days after filing: Adding New Parties
> 210 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
> 270 days after filing: Completion of Fact and Expert Discovery
> 270 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## IV. Mandatory Deadlines for General Cases

If this case is designated as a GENERAL CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

> 120 days after filing: Service of Complaints
> 180 days after filing: Service under any Extension of Time
> 210 days after filing: Adding New Parties
> 270 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
> 400 days after filing: Completion of Fact and Expert Discovery
> 450 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## V. Mediation

All parties must mediate unless excused by court order for good cause shown or as otherwise required by law and in compliance with Rules of Civil Procedure 1.700 - 1.730.

## VI. Noncompliance

**By Order of the Florida Supreme Court, strict, good faith compliance with this Uniform Order for Active, Differential Civil Case Management is required unless good cause is shown for an exception or as otherwise required by law. These procedures and time standards do not supplant any existing rule, statute, or law.**

**Failure to appear at the pretrial conference or failure to comply with the terms of this order may result in such sanctions as are just and lawful including: an immediate ex parte hearing and entry of final judgment of default or dismissal, limitation of witnesses or other evidence, striking of claims or defenses, or imposition of attorney fees or costs.**

## VII. Hearings by Audio-Video Technology

During the COVID-19 Public Health Emergency, all hearings other than jury selection and trial shall be conducted consistent with Florida Supreme Court andSecond Circuit Administrative Order by audio-video technology. Each judge isresponsible to establish the process for such audio-video technology hearings bynotice of hearing including technology access.After the conclusion of the COVID-19 Public Health Emergency all hearings otherthan jury selection and trial may be conducted by audio-video technology. Eachjudge is responsible to establish the process for such audio-video technologyhearings by notice of hearing including technology access.

Thursday, February 2, 2023
J LEE MARSH CIRCUIT JUDGE

J LEE MARSH
Circuit Judge

## SUPPLEMENT TO CIVIL CASE MANAGEMENT ORDER

If, at the time the Uniform Order For Active Differential Civil Case Management ("Order") is filed, service on the Defendant(s) has already been made or process provided to a process server, the Plaintiff may comply with the second (in bold) paragraph of the Order by promptly providing a copy of the Order to the Defendant(s) by U.S. Mail or by Electronic Mail. The Plaintiff shall then file a certificate of service documenting that this Order has been provided to the Defendant(s) in this manner.

# VERIFIED RETURN OF SERVICE

Job # T231451

**Client Info:**

MARIE MATTOX, PA
203 NORTH GADSDEN STREET
Tallahassee, FL  32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| CARRIE MILLER, | |
| -versus- | County of Leon, Florida |
| **DEFENDANT:** | Court Case # **2023-CA-000211** |
| LOVE MANAGEMENT COMPANY, LLC d/b/a Allegro Management Company, | |

**Service Info:**

**Received by JAMES PLANK: on May, 9th 2023 at 12:02 PM**
**Service:** I Served **LOVE MANAGEMENT COMPANY, LLC d/b/a Allegro Management Company, c/o THERESA M. KENNY-REGISTERED AGENT**
With: **SUMMONS; COMPLAINT; UNIFORM ORDER FOR ACTIVE, DIFFENTIAL CIVIL CASE MANAGEMENT**
by leaving with **THERESA M. KENNY, REGISTERED AGENT**

**At Business 4348 SOUTHPOINT BLVD STE. 101 JACKSONVILLE, FL 32216**
On **5/23/2023** at **01:30 PM**
**Manner of Service: CORPORATE**
CORPORATE SERVICE: F.S. 48.081 (1)(a)(b)(c)(d), (2) or (3)

**Service was Attempted on:**

**(1) 5/15/2023** at **10:20 AM**, by **JAMES PLANK** Loc: **4348 SOUTHPOINT BLVD STE. 101 Jacksonville, FL 32216**
**Notes:** ra and officers not present

I **JAMES PLANK** acknowledge that I am 18 years or older, authorized to serve process, in good standing in the jurisdiction wherein the process was served, and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

**JAMES PLANK**
Lic # **1161**

**ACCURATE SERVE TALLAHASSEE**
400 Capital Circle SE, Suite 18291
Tallahassee, FL 32301

Client # Miller
Ref # J232910




1 of 1

DATE: 5/23/2023 TIME: 01:30 PM
MILITARY: NA
MARITAL STATUS: NA

**IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA**

**CARRIE MILLER,**

      **Plaintiff,**

**v.**

**LOVE MANAGEMENT COMPANY, LLC
d/b/a Allegro Management Company,**

      **Defendant.**

_____/

**CASE NO.: 23-CA-** 2023 CA 000211
**FLA BAR NO.: 0739685**

# SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

      **LOVE MANAGEMENT COMPANY, LLC dba ALLEGRO MANAGEMENT
COMPANY
C/O THERESA M. KENNEY – REGISTERED AGENT
4348 SOUTHPOINT BOULEVARD, SUITE 101
JACKSONVILLE, FL 32216**

      Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on _____, 2023.

      CLERK OF THE CIRCUIT COURT

      By:_____    02/02/2023



# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**CARRIE MILLER**                    **CASE NO.:**

**Plaintiff,**

**v.**

**LOVE MANAGEMENT**
**COMPANY, LLC d/b/a Allegro**
**Management Company,**

**Defendant.**

_____/

**DECLARATION OF ELAINE AGNEW IN SUPPORT OF**
**DEFENDANT'S NOTICE OF REMOVAL**

STATE OF FLORIDA          )

COUNTY OF DUVAL          )

I, Elaine Agnew, being over 18 years of age and competent to testify as to the following matters contained herein, declare and state as follows upon personal knowledge:

1.    I hold the position of Paralegal with Jackson Lewis P.C.

2.    On June 9, 2023, I obtained a LexisNexis Accurint for Legal Professionals Comprehensive Report ("Accurint Report") on Plaintiff, Carrie Miller. The Accurint Report shows that Miller's active address as of November 2020 is in

Gadsden County, Florida.  Attached as **Exhibit "1"** is a true and correct copy of the Accurint Report, with private and confidential information redacted.

3.      The Accurint Report shows that Ms. Miller is actively registered to vote in the State of Florida and has been exclusively registered to vote in Florida since 1992.

4.      The Accurint Report further shows Ms. Miller currently owns one vehicle registered in the State of Florida, and that Ms. Miller maintains an active Driver's License issued by the State of Florida on August 20, 2018.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of June 2023.


_____
ELAINE AGNEW


4861-6467-9785, v. 1

2

**Important:**   The Public Records and commercially available data sources used on reports have errors.  Data is sometimes entered poorly, processed incorrectly and is generally not free from defect.  This system should not be relied upon as definitively accurate.  Before relying on any data this system supplies, it should be independently verified.  For Secretary of State documents, the following data is for information purposes only and is not an official record.  Certified copies may be obtained from that individual state's Department of State.  The criminal record data in this product or service may include records that have been expunged, sealed, or otherwise have become inaccessible to the public since the date on which the data was last updated or collected.

Accurint does not constitute a "consumer report" as that term is defined in the federal Fair Credit Reporting Act, 15 USC 1681 et seq. (FCRA). Accordingly, Accurint may not be used in whole or in part as a factor in determining eligibility for credit, insurance, employment or another permissible purpose under the FCRA.

**Your DPPA Permissible Use:**  Civil, Criminal, Administrative, or Arbitral Proceedings
**Your GLBA Permissible Use:**  Use by Persons Holding a Legal or Beneficial Interest Relating to the Consumer
**Your DMF Permissible Use:**  Legitimate Business Purpose Pursuant to a Law, Government Rule, Regulation, or Fiduciary Duty

# Comprehensive Report

**Date:** 06/09/23
**Reference Code:** 459070

**Report Legend:**
**S** - Shared Address
**D** - Deceased
✔ - Probable Current Address

**Report processed by:**
Jackson Lewis - New York City
666 Third Avenue
New York, NY 10017
212-545-4059 Main Phone
212-509-5717 Fax

| **Subject Information** | **AKAs** | **Indicators** |
|---|---|---|
| **(Best Information for Subject)** | **(Names Associated with Subject)** | |
| Name:  CARRIE JEANETTE MILLER | CARRIE JEANETTE MILLER | Bankruptcy: **No** |
| Date of Birth: ▉▉▉ | Age: ▉▉   SSN ▉▉▉▉▉ | Property: **No** |
| Age: ▉▉ | CARRIE J MILLER | Corporate Affiliations: **No** |
| SSN: ▉▉▉▉▉  issued in **Florida** | Age: ▉▉   SSN: ▉▉▉▉▉ | |
| between **1/1/1966** and **12/31/1966** | **Utility Locator - Connect Date:**  10/15/2014 | |
| View All SSN Sources | CARRIE MILLER | |
| | Age: ▉   SSN: ▉▉▉▉▉ | |

**Others Associated With Subjects SSN:**
(DOES NOT usually indicate any type of fraud or deception)
    [None Found]

**Address Summary:**   View All Address Variation Sources



✔ ▉▉▉▉▉▉▉▉ QUINCY, FL 32351-2149, GADSDEN COUNTY (Nov 2020 - May 2023)
▉▉▉▉ HAVANA, FL 32333-2217, GADSDEN COUNTY (Sep 2007 - Oct 2022)
    **Utility Locator - Connect Date:**  10/15/2014
▉▉▉▉ TALLAHASSEE, FL 32312-2655, LEON COUNTY (Oct 2018 - Nov 2020)
TALLAHASSEE, FL 32312-2609, LEON COUNTY (Aug 2018 - Aug 2020)
HAVANA, FL 32333-2250, GADSDEN COUNTY (Aug 2007 - Apr 2014)
▉▉▉▉ HAVANA, FL 32333-1084, GADSDEN COUNTY (Jan 1989 - Dec 2008)
▉▉▉▉ HAVANA, FL 32333, GADSDEN COUNTY (Sep 1997)
▉▉▉▉ HAVANA, FL 32333, GADSDEN COUNTY (Jan 2007 - Jan 2008)

███████████ HAVANA, FL 32333-8614, GADSDEN COUNTY (Oct 2002 - Oct 2007)
███████████, HAVANA, FL 32333-8614, GADSDEN COUNTY (Jan 2000 - Dec 2004)
███████████ HAVANA, FL 32333, GADSDEN COUNTY (Oct 1996)
███████████HAVANA, FL 32333, GADSDEN COUNTY (Jun 1993)
███████████ QUINCY, FL 32351-3257, GADSDEN COUNTY (Nov 2020)
███████████ HAVANA, FL 32333-6441, GADSDEN COUNTY (Jan 2006)

**Active Address(es):**   View All Address Variation Sources

✔ ████████████████████QUINCY, FL 32351-2149, GADSDEN COUNTY (Nov 2020 - May 2023)
**Name Associated with Address:**
CARRIE MILLER
████████████████████

███████████████████████████████████████

**Previous And Non-Verified Address(es):**   View All Address Variation Sources

███████████ HAVANA, FL 32333-2217, GADSDEN COUNTY (Sep 2007 - Oct 2022)
**Utility Locator - Connect Date:**   10/15/2014
**Name Associated with Address:**
CARRIE JEANETTE MILLER
**Current Residents at Address:**



TALLAHASSEE, FL 32312-2655, LEON COUNTY (Oct 2018 - Nov 2020)
**Name Associated with Address:**
CARRIE J MILLER

TALLAHASSEE, FL 32312-2609, LEON COUNTY (Aug 2018 - Aug 2020)
**Name Associated with Address:**
CARRIE J MILLER

██████████████ HAVANA, FL 32333-2250, GADSDEN COUNTY (Aug 2007 - Apr 2014)

**Name Associated with Address:**
CARRIE J MILLER

██████ HAVANA, FL 32333-1084, GADSDEN COUNTY (Jan 1989 - Dec 2008)

**Name Associated with Address:**
CARRIE J MILLER

██████, HAVANA, FL 32333, GADSDEN COUNTY (Sep 1997)

**Name Associated with Address:**
CARRIE J MILLER

██████ HAVANA, FL 32333, GADSDEN COUNTY (Jan 2007 - Jan 2008)

**Name Associated with Address:**
CARRIE J MILLER

██████ HAVANA, FL 32333-8614, GADSDEN COUNTY (Oct 2002 - Oct 2007)

**Name Associated with Address:**
CARRIE MILLER

██████████████ HAVANA, FL 32333-8614, GADSDEN COUNTY (Jan 2000 - Dec 2004)
**Name Associated with Address:**
CARRIE MILLER

████████████████████████████████

██████████ HAVANA, FL 32333, GADSDEN COUNTY (Oct 1996)
**Name Associated with Address:**
CARRIE MILLER

████████████████████████████████

██████████ HAVANA, FL 32333, GADSDEN COUNTY (Jun 1993)
**Name Associated with Address:**
CARRIE JEANETTE MILLER

████████████████████████████████

██████████████ QUINCY, FL 32351-3257, GADSDEN COUNTY (Nov 2020)
**Name Associated with Address:**
CARRIE JEANETTE MILLER

████████████████████████████████



HAVANA, FL 32333-6441, GADSDEN COUNTY (Jan 2006)

**Name Associated with Address:**

CARRIE J MILLER

**Bankruptcies:**

[None Found]

**Liens and Judgments:**



**UCC Filings:**



**Driver's License Information:**

Name: CARRIE JEANETTE MILLER
DL Number: xxxx-xxx-xx-xxx-x
State: Florida
License Address: [REDACTED] TALLAHASSEE, FL 32312-2609, LEON COUNTY
DOB: [REDACTED]
Potential SSN [i]: [REDACTED]
Gender: Female
Ethnicity: BLACK
Expiration Date: 08/20/2026
Issue Date: 08/20/2018
License Type: RENEWAL
License Class: Non-Commercial - Regular Operator License
Height: 5'03
Data Source: Governmental

Name: CARRIE JEANETTE MILLER
DL Number: xxxx-xxx-xx-xxx-x
State: Florida
License Address: [REDACTED], QUINCY, FL 32351-2149, GADSDEN COUNTY
DOB: [REDACTED]
Potential SSN [i]: [REDACTED]
Gender: Female
Ethnicity: BLACK
Expiration Date: 08/20/2026
Issue Date: 08/20/2018
License Type: DRIVER LICENSE
License Class: Non-Commercial - Regular Operator License
Height: 5'03
Data Source: Governmental

Name: CARRIE JEANETTE MILLER
DL Number: xxxx-xxx-xx-xxx-x
State: Florida
License Address [REDACTED] HAVANA, FL 32333-2217, GADSDEN COUNTY
DOB: [REDACTED]
Potential SSN [i]: [REDACTED]
Gender: Female
Ethnicity: BLACK
Attention Flags: ORGAN DONOR
Expiration Date: 08/20/2018
Issue Date: 09/10/2010
License Type: RENEWAL
License Class: Non-Commercial - Regular Operator License
Height: 5'03
Data Source: Governmental

Name: CARRIE JEANETTE MILLER
DL Number: xxxx-xxx-xx-xxx-x
State: Florida
License Address: [REDACTED] HAVANA, FL 32333-2217, GADSDEN COUNTY
DOB: [REDACTED]

Potential SSN ⓘ: ███████

Gender: Female
Ethnicity: BLACK
Attention Flags: ORGAN DONOR
Expiration Date: 08/20/2018
Issue Date: 09/10/2010
License Type: DUPLICATE REPLACEMENT
License Class: Non-Commercial - Regular Operator License
Height: 5'03
Data Source: Governmental

Name: CARRIE J MILLER
DL Number: xxxx-xxx-xx-xxx-x
State: Florida
License Address ███████ HAVANA, FL 32333-1084, GADSDEN COUNTY
DOB ███████
Potential SSN ⓘ: ███████
Gender: Female
Ethnicity: BLACK
Expiration Date: 08/20/2010
Issue Date: 09/26/2003
License Type: ORIGINAL
License Class: Non-Commercial - Any Single Vehicle less than 8000 pounds
Height: 5'03
Data Source: Governmental

Name: CARRIE J MILLER
DL Number: xxxx-xxx-xx-xxx-x
State: Florida
License Address: ███████ HAVANA, FL 32333-1084, GADSDEN COUNTY
DOB: 08/20/1958
Potential SSN ⓘ: ███████
Gender: Female
Ethnicity: BLACK
Expiration Date: 08/20/2010
Issue Date: 09/26/2003
License Type: DUPLICATE REPLACEMENT
License Class: Non-Commercial - Regular Operator License
Height: 5'03
Data Source: Governmental

Name: CARRIE J MILLER
DL Number: xxxx-xxx-xx-xxx-x
State: Florida
License Address: ███████ HAVANA, FL 32333-1084, GADSDEN COUNTY
DOB: ███████
Potential SSN ⓘ ███████
Gender: Female
Ethnicity: BLACK
Expiration Date: 08/20/2004
Issue Date: 08/20/1998
License Class: Non-Commercial - Regular Operator License
Height: 5'03
Data Source: Governmental

Name: CARRIE MILLER
DL Number: xxxx-xxx-xx-xxx-x

State: Florida
License Address ███████████ HAVANA, FL 32333-1084, GADSDEN COUNTY
DOB: ██████████████
Potential SSN  ██████████
Data Source: Non-Governmental

██████████████████████

**Motor Vehicles Registered To Subject:**

**Vehicle:**

Description: Red 1996 Saturn SL1 - Sedan 4 Door
VIN: ███████████████████
State Of Origin: FLORIDA
Engine: 4 Cylinder 116 Cubic Inch
Anti Lock Brakes: 4 wheel optional
Air Conditioning: Available
Daytime Running Lights: Standard
Power Steering: Standard
Power Brakes: Standard
Power Windows: Available
Security System: Unknown
Roof: None / not available
Price: 12225
Radio: AM/FM
Front Wheel Drive: Yes
Four Wheel Drive: No
Tilt Wheel: Standard
Data Source: Governmental

*Owner(s)*

Name: CARRIE J MILLER
Potential SSN: ████████████
Address ██████████ HAVANA, FL 32333-1084, GADSDEN COUNTY
DOB ████████████
Sex: Female
Age: ████
DL #: xxxxxxxxxxxxx

**Title Information**

Title Number: ████████████
Title Issue Date: 5/9/2006
Odometer Mileage: 119792

*Registrant(s)*

Record Type: HISTORICAL
Name: CARRIE J MILLER
Potential SSN ████████████
Address: ████████████, HAVANA, FL 32333-1084, GADSDEN COUNTY
DOB: ████████████
Sex: Female
Age: ████
DL #: xxxxxxxxxxxxx
Tag Number ██████████
Earliest Registration Date: 1/25/2006

Latest Registration Date: 1/25/2006
Expiration Date: 8/20/2006
Decal Date: 2006



**Vehicle:**

Description: Red 1996 Oldsmobile Ciera - Sedan 4 Door
VIN: ▮▮▮▮▮▮▮▮▮▮▮▮▮
State Of Origin: FLORIDA
Engine: 6 Cylinder 191 Cubic Inch
Anti Lock Brakes: 4 wheel standard
Air Conditioning: Standard
Daytime Running Lights: Not available
Power Steering: Standard
Power Brakes: Standard
Power Windows: Available
Security System: Unknown
Roof: None / not available
Price: 14455
Radio: AM/FM Cassette
Front Wheel Drive: Yes
Four Wheel Drive: No
Tilt Wheel: Standard
Data Source: Governmental

*Owner(s)*

Name: CARRIE J MILLER
Potential SSN ▮ ▮▮▮▮▮▮▮▮▮
Address: ▮▮▮▮▮▮▮▮ HAVANA, FL 32333-1084, GADSDEN COUNTY
DOB: ▮▮▮▮▮▮▮
Sex: Female
Age ▮▮▮
DL #: xxxxxxxxxxxxx
**Title Information**
   Title Number ▮▮▮▮▮▮▮▮
   Title Issue Date: 2/4/2005
   Odometer Mileage: 88488

*Registrant(s)*

Record Type: EXPIRED
Name: CARRIE J MILLER
Potential SSN ▮ ▮▮▮▮▮▮▮▮▮
Address: ▮▮▮▮▮▮▮▮ HAVANA, FL 32333-1084, GADSDEN COUNTY
DOB: ▮▮▮▮▮▮▮
Sex: Female
Age: ▮▮▮
DL #: xxxxxxxxxxxxx
Tag Number: ▮▮▮▮▮
Earliest Registration Date: 2/4/2005
Latest Registration Date: 2/4/2005
Expiration Date: 8/20/2005
Decal Date: 2005



**Vehicle:**

Description: Red 1992 Pontiac Sunbird - Convertible
VIN: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
State Of Origin: FLORIDA
Engine: 4 Cylinder 121 Cubic Inch
Restraints: Passive (automatic) belts
Anti Lock Brakes: 4 wheel standard
Air Conditioning: Available
Daytime Running Lights: Not available
Power Steering: Standard
Power Brakes: Standard
Power Windows: Standard
Security System: None
Roof: None / not available
Price: 15345
Radio: AM/FM
Front Wheel Drive: Yes
Four Wheel Drive: No
Data Source: Governmental

*Owner(s)*

Name: CARRIE J MILLER
Potential SSN ℹ️: ▮▮▮▮▮▮▮▮
Address: ▮▮▮▮▮▮▮▮ HAVANA, FL 32333-1084, GADSDEN COUNTY
DOB: ▮▮▮▮▮▮
Sex: Female
Age: ▮▮▮
DL #: xxxxxxxxxxxxx

**Title Information**

Title Number: ▮▮▮▮▮▮▮▮
Title Issue Date: 9/10/2003

*Registrant(s)*

Record Type: EXPIRED
Name: CARRIE J MILLER
Potential SSN ℹ️: ▮▮▮▮▮▮▮▮
Address: ▮▮▮▮▮▮▮▮ HAVANA, FL 32333-1084, GADSDEN COUNTY
DOB: ▮▮▮▮▮▮▮
Sex: Female
Age: ▮▮▮
DL #: xxxxxxxxxxxxx
Tag Number: ▮▮▮▮▮▮
Earliest Registration Date: 9/10/2003
Latest Registration Date: 9/10/2003
Expiration Date: 8/20/2004
Decal Date: 2004

*Lien Holder(s)*

None

**Vehicle:**

Description: White 1990 Chevrolet Cavalier - Sedan 4 Door
VIN: ███████████████
State Of Origin: FLORIDA
Engine: 4 Cylinder 133 Cubic Inch
Restraints: Passive (automatic) belts
Anti Lock Brakes: Not available
Air Conditioning: Available
Daytime Running Lights: Not available
Power Steering: Standard
Power Brakes: Standard
Power Windows: Available
Security System: None
Roof: None / not available
Price: 7577
Radio: AM/FM
Front Wheel Drive: Yes
Four Wheel Drive: No
Data Source: Governmental

*Owner(s)*

Name: CARRIE J MILLER
Potential SSN ℹ️ ██████████
Address ██████████ HAVANA, FL 32333-1084, GADSDEN COUNTY
DOB: ████████
Sex: Female
Age: ████
DL #: xxxxxxxxxxxxx

**Title Information**

Title Number: ██████████
Title Issue Date: 1/31/2002

*Registrant(s)*

Record Type: EXPIRED
Name: CARRIE J MILLER
Potential SSN ℹ️ ██████████
Address: ██████████ HAVANA, FL 32333-1084, GADSDEN COUNTY
DOB: ████████
Sex: Female
Age: ████
DL #: xxxxxxxxxxxxx
Tag Number: ██████████
Earliest Registration Date: 8/30/2002
Latest Registration Date: 8/30/2002
Expiration Date: 8/20/2003
Decal Date: 2003

*Lien Holder(s)*

None

**Vehicle:**

Description: White 1989 Plymouth Sundance - Hatchback 4 Door
VIN: ███████████████
State Of Origin: FLORIDA
Engine: 4 Cylinder 153 Cubic Inch

Restraints: Active (manual) belts
Anti Lock Brakes: Not available
Air Conditioning: Available
Daytime Running Lights: Not available
Power Steering: Standard
Power Brakes: Standard
Power Windows: Not available
Security System: None
Roof: None / not available
Price: 8595
Radio: AM/FM
Front Wheel Drive: Yes
Four Wheel Drive: No
Tilt Wheel: Not available
Data Source: Governmental

*Owner(s)*
    Name: CARRIE J MILLER
    Potential SSN **i**: ██████████
    Address: ██████████ HAVANA, FL 32333-1084, GADSDEN COUNTY
    DOB: ██████████
    Sex: Female
    Age: ██████
    DL #: xxxxxxxxxxxx
    **Title Information**
        Title Number ██████████
        Title Issue Date: 1/30/2001

*Registrant(s)*
    Record Type: EXPIRED
    Name: CARRIE J MILLER
    Potential SSN **i** ██████████
    Address: ██████████ HAVANA, FL 32333-1084, GADSDEN COUNTY
    DOB: ██████████
    Sex: Female
    Age: ██████
    DL #: xxxxxxxxxxxx
    Tag Number: ██████████
    Earliest Registration Date: 1/30/2001
    Latest Registration Date: 8/31/2001
    Expiration Date: 8/20/2002
    Decal Date: 2002

*Lien Holder(s)*
    None

**Vehicle:**
    Description: 2005 Chevrolet Impala - Sedan 4 Door
    VIN: ██████████
    State Of Origin: FLORIDA
    Engine: 6 Cylinder 207 Cubic Inch
    Anti Lock Brakes: 4 wheel optional
    Air Conditioning: Standard
    Daytime Running Lights: Standard
    Power Steering: Standard
    Power Brakes: Standard

Power Windows: Standard
Security System: Pass key
Roof: None / not available
Price: 22350
Radio: AM/FM Cassette
Front Wheel Drive: Yes
Four Wheel Drive: No
Tilt Wheel: Standard
Data Source: Non-Governmental
Source Date First Seen: 8/6/2012
Source Date Last Seen: 5/14/2016

*Owner(s)*
    Name: CARRIE MILLER
    Address: ███████████ HAVANA, FL 32333-2217, GADSDEN COUNTY
    DOB: ██████████
    Sex: Female
    Age: ████
    DL #: xxxxxxxxxxxxx
    **Title Information**

*Lien Holder(s)*
    None







**Voter Registration:**

Name: CARRIE JEANETTE MILLER
Address: ███████████████████ QUINCY, FL 32351-2149
DOB: █████████
Gender: Female
Ethnicity: BLACK
Last Vote Date: 11/3/2020
Registration Date: 9/1/1992
Political Party: DEMOCRAT
State of Registration: Florida
Status: ACTIVE

Name: CARRIE J MILLER
Address: ██████████ HAVANA, FL 32333-1084
DOB: █████████
Gender: Female
Ethnicity: BLACK
Last Vote Date: 11/7/2006
Political Party: DEMOCRAT
State of Registration: Florida
Status: ACTIVE

Name: CARRIE JEANETTE MILLER
Address: █████████████ QUINCY, FL 32351-3257
DOB: █████████
Gender: Female
Ethnicity: BLACK
Last Vote Date: 11/3/2020
Registration Date: 9/1/1992
Political Party: DEMOCRAT
State of Registration: Florida
Status: ACTIVE

Name: CARRIE J MILLER
Address: █████████████ HAVANA, FL 32333
DOB: █████████
Gender: Female
Registration Date: 9/1/1992
Political Party: DEMOCRAT
State of Registration: Florida
Status: ACTIVE

Name: CARRIE J MILLER
Address: ██████████ HAVANA, FL 32333-2217
DOB: █████████
Gender: Female
Ethnicity: BLACK
Last Vote Date: 11/8/2016
Registration Date: 9/1/1992
Political Party: DEMOCRAT
State of Registration: Florida

Status: ACTIVE

Name: CARRIE J MILLER
Address: ████████████HAVANA, FL 32333-2217
DOB: ████████
Gender: Female
Ethnicity: BLACK
Last Vote Date: 11/8/2016
Registration Date: 9/1/1992
Political Party: DEMOCRAT
State of Registration: Florida
Status: ACTIVE

Name: CARRIE J MILLER
Address: ████████████HAVANA, FL 32333
DOB: ████████
Gender: Female
Ethnicity: BLACK
Last Vote Date: 11/7/2006
Political Party: DEMOCRAT
State of Registration: Florida
Status: ACTIVE

Name: CARRIE J MILLER
Address: ████████████████TALLAHASSEE, FL 32312-2655
DOB: ████████
Gender: Female
Last Vote Date: 11/3/2020
Registration Date: 9/1/1992
Political Party: DEMOCRAT
State of Registration: Florida
Status: ACTIVE

Name: CARRIE JEANETTE MILLER
Address: █████████████████, QUINCY, FL 32351-2149
DOB: ████████
Gender: Female
Last Vote Date: 11/3/2020
Registration Date: 9/1/1992
Political Party: DEMOCRAT
State of Registration: Florida
Status: ACTIVE



**Source Information:**

| | |
|---|---|
| All Sources | 85  Source Document(s) |
| Liens and Judgments | 1  Source Document(s) |
| Driver Licenses | 8  Source Document(s) |
| Motor Vehicle Registrations | 10  Source Document(s) |
| Person Locator 1 | 5  Source Document(s) |
| Voter Registrations | 9  Source Document(s) |
| PhonesPlus Records | 8  Source Document(s) |
| UCC Lien Filings | 2  Source Document(s) |
| Historical Person Locator | 11  Source Document(s) |
| Person Locator 2 | 1  Source Document(s) |
| Person Locator 4 | 1  Source Document(s) |
| Person Locator 5 | 12  Source Document(s) |
| Person Locator 6 | 13  Source Document(s) |
| Email Address | 4  Source Document(s) |

# EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CARRIE MILLER                              CASE NO.:

Plaintiff,

v.

LOVE MANAGEMENT
COMPANY, LLC d/b/a Allegro
Management Company,

Defendant.
_____/

### DECLARATION OF CHERYL GRAY IN SUPPORT OF DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

STATE OF MISSOURI

COUNTY OF ST. LOUIS

I, Cheryl Gray, being over 18 years of age and competent to testify as to the following matters contained herein, declare and state as follows based upon personal knowledge:

1.     I am employed by Love Management Company, LLC d/b/a Allegro Management Company ("Allegro"), as a Senior VP Human Resources.

2.     The information contained in this Declaration is true and correct, and based on my personal knowledge and review of personnel and other corporate records maintained by Allegro in the regular course of business.

3.     Plaintiff, Carrie Miller, was employed by Allegro from July 24, 2017 to March 13, 2019. At the time of Plaintiff's separation from employment, she earned approximately $615.14 per week on average.

4.     Allegro is a single member Limited Liability Company ("LLC") organized under the laws of Missouri and has its principal place of business in St. Louis, Missouri.

5.     The sole member of Allegro is Allegro Senior Living, LLC. Allegro Senior Living, LLC is a three member LLC organized under the laws of Delaware and has its principal place of business in St. Louis, Missouri.

6.     The first member of Allegro Senior Living, LLC is Douglas Schiffer, who is a citizen of the state of Georgia. The second member of the LLC is Hallmark Investment Corporation, which is incorporated in the state of Missouri with its principal place of business in St. Louis, Missouri. The third member of the LLC is Love Investment Company and is incorporated in the state of Missouri with its principal place of business in St. Louis, Missouri.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

2

Executed this 11ᵗʰ day of June 2023.

_____
Cheryl Gray

4857-0729-7385, v. 1